**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER A. WAGNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:19-00119 |
| | § | |
| TODD E. HARRIS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff Christopher A. Wagner (#65237) is incarcerated at the Chambers County Jail. He has filed a complaint under 42 U.S.C. § 1983 alleging violations of his civil rights and has been granted leave to proceed *in forma pauperis*. Because this case is governed by the Prison Litigation Reform Act ("PLRA"), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. After reviewing the pleadings (Dkt. 8, Dkt. 23) as required, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

**I.    BACKGROUND**

Plaintiff Wagner is a pretrial detainee in the Chambers County Jail. Publicly available online records from Chambers County reflect that that Wagner was indicted for evading arrest or detention with a motor vehicle under Texas Penal Code § 38.04(b)(2)(A) and that pretrial proceedings are ongoing. *See* Case Information for *State of Texas v. Christopher Asher Wagner*, Case No. 19DCR0124, 344th District Court for Chambers County (available at https://txchambersportal.tylerhost.net/

Portal/Home/Dashboard/29) (last visited Aug. 30, 2019). Wagner is represented by court appointed counsel (*id.*). Currently, docket call is set for September 18, 2019, at 9:00 a.m (*id.*).

Wagner's pleadings bring claims arising from his criminal proceedings, including claims against multiple law enforcement and judicial officials in connection with the pending charges against him for evading arrest or detention. *See* Dkt. 8, Dkt. 23. He claims that law enforcement officers have failed to verify evidence that would free him, that the presiding judge has failed to hear the case, and that the judicial clerk has failed to properly file documents, among other claims. He seeks relief in the form of a "proper investigation of [his] claim" and "immediate release," in addition to restitution (Dkt. 8, at 18; Dkt. 23, at 5).

Wagner recently filed a petition for a writ of habeas corpus, which was docketed as a separate case, Civil Action No. 3:18-0294.

## II. STANDARD OF REVIEW

As required by the PLRA, the Court screens this case to determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements

of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

### III. **DISCUSSION**

Wagner brings this suit under 42 U.S.C. § 1983 alleging various misdeeds by law enforcement and judicial officials during a pending criminal prosecution against him in the 344th District Court of Chambers County. This Court will abstain from exercising jurisdiction over his claims because of the ongoing state proceedings.

Under a doctrine originating with *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must abstain from enjoining a pending state proceeding. *See Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 593 (2013); *Google, Inc. v. Hood*, 822 F.3d 212, 223 (5th Cir. 2016). *Younger* abstention applies in three "exceptional categories" of state proceedings: ongoing state criminal prosecutions; certain civil enforcement proceedings akin to criminal prosecutions, and "pending civil proceedings . . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 134 S. Ct. at 591 (internal citation and quotation marks omitted). When a case falls into these categories, the court potentially invoking *Younger* considers "whether there is (1) an ongoing state judicial proceeding, which (2) implicates important state interests, and (3)

provides an adequate opportunity to raise federal challenges." *Google*, 822 F.3d at 222 (internal citations, quotation marks, and alteration omitted).

In this case, abstention is appropriate because state judicial proceedings are ongoing. *See* Case Information for *State of Texas v. Christopher Asher Wagner*, Case No. 19DCR0124, 344th District Court for Chambers County (available at https://txchambersportal.tylerhost.net/Portal/Home/Dashboard/29) (last visited Aug. 30, 2019). These proceedings implicate Texas's important interests in enforcement of its criminal laws. *See RTM Media, L.L.C. v City of Houston*, 584 F.3d 220, 228 & n.11 (5th Cir. 2009). Moreover, the state court proceedings provide an adequate forum to raise any federal challenges Wagner brings in this suit, including due process claims. *See Google*, 822 F.3d at 222.

Plaintiff's request for injunctive relief will be denied under *Younger*.

## IV. CONCLUSION

For the reasons stated above the Court **ORDERS** that:

1. This civil action is **DISMISSED without prejudice** under the *Younger* abstention doctrine.

2. All pending motions, if any, are **DENIED as moot**.

The Clerk will provide copies of this order to the parties.

SIGNED at Galveston, Texas, this 30th day of August, 2019.

George C. Hanks Jr.
United States District Judge